In the Matter of the Petition of VICTOR B. DE PIERRIS to Vacate an Assessment.

Under the provision of the New York charter of 1870 (§ 20, chap. 137, Laws of 1870), declaring that no vote shall be taken in either board of the common council upon the passage of a resolution or ordinance contemplating a specific improvement, or laying a tax or assessment until after notice shall be published at least three days, each board, separate and independent of the other, must cause notice of the introduction of a resolution into its own body to be published for three days before final action thereon ; a publication by one board will not suffice.
*In re De Pierris* (20 Hun, 305), reversed.

(Argued September 21, 1880; decided September 28, 1880.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing an order of Special Term, which vacated an assessment upon a lot belonging to the petitioner for paving Twenty-first street, in the city of New York. (Reported below, 20 Hun, 305.)

The facts are sufficiently presented in the opinion.

*P. A. Hargous* for appellant.  The failure to publish the
ordinances and resolutions authorizing the assessment, as re-
quired by section 137 of the charter of 1870, and chapter 574
of the Laws of 1871, rendered the assessment void.  (*In re
Astor*, 53 N. Y. 617; *In re Little*, 60 id. 345.)

*J. A. Beall* for respondent.  The provisions of the charter
of 1870 as to publication of the ordinance and resolution
were substantially complied with.  (Charter of 1870, § 20; *In
re Conway*, 62 N. Y. 504.)

Finch, J.  The petitioner sought to vacate an assessment
for paving Twenty-first street, between Sixth and Seventh
avenues, which was confirmed April 16, 1873.  The assess-
ment was vacated at the Special Term, but the order was re-
versed by the General Term, on appeal.

The petition was based upon two grounds:  The first, that
no assessments for repairing the carriageways of streets in the
city of New York can be imposed on lots which have paid a
prior assessment for the same improvement; and the second,
that the ordinances and resolutions authorizing this assessment
were not published, as required by the charter of 1870, and
chapter 574, Laws of 1871.

It was proved that the resolution authorizing this work was
introduced in the board of assistant aldermen on the 8th of
April, 1872, and was passed by that board April 11, 1872; and
that the only publication in the New York *Daily Transcript*,
which was conceded to have been the official journal, under the
act of 1871, was on the 11th of April, 1872.

The charter of 1870 (chap. 137, § 20), in substance, provides
that it shall be the duty of the clerks of the respective boards
to publish all resolutions, and ordinances, and amendments
thereof which shall be introduced or passed, and that no vote
shall be taken in either board, upon the passage of a resolution
or ordinance which shall contemplate any specific improvement,
or lay any tax or assessment, until after such notice shall have
been published at least three days.  It is contended, on behalf
of the petitioner, that this statute requires a three days' publi-

cation of the resolution introduced in each of the boards, before final action, and that neither can pass the resolution in reliance upon a publication of its introduction in the other. This view of the statute requires that each board, separately and severally, must cause the introduction of the resolution into its own body, to be published for three days before its own final action. It is contended, on behalf of the city, that but one such publication is necessary, and, therefore, that a three days' notice of the introduction of such a resolution in the board of aldermen is sufficient to enable the board of assistant aldermen to introduce and pass the same resolution, without any new or different publication.

We think the question is settled by the decision of this court, relating to a similar provision in the charter of 1857. (*In re Little*, 60 N. Y. 345.) In that case the proceedings of but one board of the common council were put in evidence, and there was only proof of the omission to publish the proceeding of that board the necessary time before the final vote. We held that an omission to publish the notice before the final vote in either board would invalidate the proceedings, and that, therefore, it was not material to give evidence in respect to the action of the other board. The propriety of that decision is clearer, and more manifest under the language of the charter of 1870.

On behalf of the city it is insisted that a later decision has reversed the construction. (*In re Conway*, 62 N. Y. 504.) We do not so understand that case. The proof there was that the resolution and ordinance providing for the work were introduced in the board of aldermen March 18, 1870; reported from committee May 12, 1870; adopted May 20th; that they were introduced in the board of assistant aldermen on the 21st of May, and adopted on the 24th of May. Evidence was also given that no notice of the proceedings was published in the "*Leader*," which was one of the corporation papers. We held that a publication in any of the corporation papers was sufficient, and that proof of no publication in one established no defect, since it left open the possibility of a due publication in some one of the others.

The opinion of Judge RAPALLO in that case then goes on to show that this defect of proof was not remedied by an inference from the dates showing a three days' publication of the resolution in the board of assistant aldermen to have been impossible. He shows that the interval between the 21st and 24th rendered possible a three days' publication. He then adds the language to which our attention is drawn, that "all that the charter of 1870 required was that they (the resolution and ordinance) should not be adopted until after they had been published at least three days." But this language very plainly and naturally refers to the proceedings in the board of assistant aldermen alone, and by no means establishes that a single publication in one board justifies action in the other. On the contrary the very suggestion that there was time enough for a due publication of the proceedings in the board of assistant aldermen shows that such a publication was deemed necessary. There is, therefore, no contradiction of the earlier rule and no inconsistency in the two decisions.

The construction contended for on behalf of the city was further sought to be sustained by reference to the provision that "no resolution or ordinance which shall have passed one board shall be acted upon by the other board on the same day;" a provision which is claimed to be inconsistent with the idea that a double publication, one for each board, is necessary. We see no such inconsistency. The resolution might be introduced in the board of aldermen on the 1st of May and duly published; in the other board on the 2d of May and duly published; and then passed by both boards on the 5th of May or on the same day. Upon that state of facts the provision would operate and compel the final vote, taken in one board, to be delayed in the other for one day.

We think, therefore, the question is settled by the decision in *In re Little*. It follows that the proceedings were defective for want of proper publication.

The order of the General Term should be reversed and that of the Special Term affirmed.

All concur, except RAPALLO, J., absent at argument.

Ordered accordingly.